# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 8, 2010

Lyle W. Cayce
Clerk

No. 09-50961
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JUAN MANUEL CASTILLEJA-OLIVO,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:09-CR-162-1

Before DeMOSS, PRADO, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Juan Manuel Castilleja-Olivo appeals the 41-month sentence imposed following his guilty plea conviction for being found illegally in the United States following deportation, in violation of 8 U.S.C. § 1326. He contends that his sentence is substantively unreasonable because it is greater than necessary to satisfy the sentencing goals set forth in 18 U.S.C. § 3553(a). He argues that the guideline governing illegal reentry overstates a defendant's criminal history by double-counting prior convictions. He notes that his offense was not violent and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that it amounted to an "international trespass." Finally, Castilleja-Olivo argues that the guidelines range failed to account for his need to support six children, his inability to support his family despite working two jobs in Mexico, and his benign motive in returning to the United States to work and support his family.

Castilleja-Olivo did not object to the reasonableness of his sentence after it was imposed; thus, our review is for plain error only. *See United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007). To show plain error, Castilleja-Olivo must show a forfeited error that is clear or obvious and that affects his substantial rights. *See Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009). If he makes such a showing, we may exercise our discretion to correct the error but only if it "seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." *See id.* (alteration in original; citation omitted).

We review the "substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 51 (2007). "A discretionary sentence imposed within a properly calculated guidelines range is presumptively reasonable." *United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir. 2008). This court has rejected the argument that double-counting of prior criminal offenses necessarily renders a sentence unreasonable. *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir.), *cert. denied*, 130 S. Ct. 378 (2009).

The district court considered Castilleja-Olivo's request for a downward variance, and it ultimately determined that a sentence at the bottom of the applicable guidelines range was appropriate based on the circumstances of the case and the § 3553(a) factors. The district court noted a congressional policy of severe punishments for drug dealers who return to the United States and that a downward variance could result in unwarranted sentencing disparities. The court also acknowledged Castilleja-Olivo's attempts to earn a living for his family but concluded that such reasons did not warrant a reduction from the applicable guidelines range. Castilleja-Olivo's disagreement with the propriety

of the sentence imposed does not rebut the presumption of reasonableness that attaches to a within-guidelines sentence. *See United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008). Therefore, Castilleja-Olivo has failed to show that his within-guidelines sentence is substantively unreasonable, and he has not shown error, plain or otherwise. *See id.*; *Campos-Maldonado*, 531 F.3d at 339. Accordingly, the district court's judgment is AFFIRMED.